# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CR. NO. <u>1:19-cr-10041-JDB</u>** |
| | ) | |
| vs. | ) | |
| | ) | |
| **BRITNEY PETWAY, and** | ) | |
| **CHARLES ALSTON,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MOTION FOR A PROTECTIVE ORDER
___

Pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, the United States hereby moves this Court for entry of a Protective Order that will ensure the confidentiality of any personal and confidential information of others included within the discovery and evidence in this case.

Entry of a protective order restricting the use, dissemination, and disposition of material containing any personal and confidential information of co-defendants or third parties is essential to permit the United States to provide extensive discovery to the Defendant while protecting any personal and confidential information[1] contained in the

---

[1]  "Personal and confidential information" means any information that can be used to identify an individual, including but not limited to name, address, e-mail address, Medicare, Medicaid, and Social Security numbers, driver's license number, national identification number, IP address, vehicle registration numbers, photographs, fingerprints, handwriting, credit card numbers, date of birth, telephone numbers, login name, screen name, nickname, handle, bank account numbers, or any other identifying number, phrase or set of characters, and individually identifiable health and medical information, including (i) information concerning past, present or future physical or mental health or conditions, (ii) the provision of health care to an individual and (iii) past, present or future payment for the provision of health care to an individual. The documents may also contain confidential information concerning ongoing investigations.

discovery. To facilitate the progress of the case, the United States seeks to provide both redacted and unredacted discovery materials to counsel for the Defendant. Given the nature of the charges, that the discovery contains ongoing investigation information, and that the charges involve the Defendants' medical practice and patient information, the United States respectfully requests that the Court order that the discovery and disclosure of redacted and unredacted materials be subject to the following conditions and restrictions:

1) The materials provided are for the sole use of counsel in preparing for the defense of this case[2] and shall not be copied, reproduced or otherwise disseminated to third parties, or used for any other purpose or in connection with any other proceedings; and

2) Counsel shall not disseminate copies of the discovery provided by the United States which contains personal and confidential information, including but not limited to documents, and audio and/or video recordings, without first filing a motion with the Court requesting permission to make such disclosure, and explaining why such disclosure is necessary in preparing for trial – except that counsel may share discovery with experts (if needed) and may arrange for review and note-taking of such materials by the Defendant in the presence of counsel or members of counsel's staff so long as the Defendant does not disseminate or discuss his notes to anyone except to undersigned counsel and members of his staff; and

3) Notwithstanding any ethical rules governing file preservation, retention and destruction, counsel is required to destroy all materials containing personal information of other persons within 45 days of the conclusion of this case[3] or to return all such materials to counsel for the United States.

Counsel for the United States has consulted with Leslie Ballin and Manny Arora, Counsel

---

[2] "[U]se of counsel in preparing the defense of this case" contemplates and permits dissemination to counsel's staff, experts, consultants, interpreters, and other parties contracted with counsel for the defense of this case provided that all parties to whom disclosures of personal identifying information and confidential information are made are informed that personal and confidential information may not be used for any purpose other than for this case. Counsel should be required to take all reasonable steps to ensure that persons receiving personal and confidential information do not use or disclose any such information for any purpose other than for use in this case.

[3] The case should be deemed concluded after all trial and appellate proceedings or upon the expiration of the time to commence any further proceedings.

for Defendants Petway and Alston, about the terms of the protective order, and they do not object.

                Respectfully submitted,

                D. MICHAEL DUNAVANT
                United States Attorney

By:       */s/ Jillian Willis*
        JILLIAN D. WILLIS
        Trial Attorney
        United States Department of Justice
        Criminal Division, Fraud Section

## CERTIFICATE OF SERVICE

I, Jillian D. Willis, Trial Attorney in the United States Department of Justice, Criminal Division, hereby certify that a copy of the foregoing pleading was forwarded by electronic means via the court's electronic filing system to counsel for the defendant.

THIS the 9th day of May, 2019.

                */S/ Jillian Willis*
                JILLIAN D. WILLIS
                Trial Attorney
                United States Department of Justice
                Criminal Division, Fraud Section