IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.   No. 1:19-cr-10041-JDB

BRITNEY PETWAY AND
CHARLES ALSTON,

    Defendants.

_____

ORDER DENYING DEFENDANT CHARLES ALSTON'S MOTION TO DISMISS OR
STRIKE SURPLUSAGE FROM THE INDICTMENT
_____

    Before the Court is the May 8, 2019, motion of Defendant, Charles Alston, to dismiss or strike as surplusage certain language from the indictment in this matter. (Docket Entry "D.E." 58.) The Government has responded. (D.E. 64.)

## BACKGROUND

    Alston and his Co-Defendant, Britney Petway, were indicted by a grand jury on April 15, 2019, for conspiring to unlawfully distribute and dispense controlled substances, in violation of 21 U.S.C. § 846. (D.E. 4.) In the indictment, the Government maintains that Petway prescribed Schedule II and IV controlled substances outside the usual scope of professional practice and without a legitimate medical purpose during her time as a nurse practitioner at Superior Health and Wellness Clinic, LLC in Jackson, Tennessee, and that, during these events, Alston was her supervising physician. (*Id.* ¶ 1–2.) The indictment avers that Petway abused her privileges as a medical practitioner to generate large profits from the prescriptions for the Defendants' personal

1

use and benefit. (*Id.* ¶ 18–25.) Alston is allegedly culpable by lending an appearance of legitimacy to Petway's clinic, yet approving her misuse of the prescription privileges. (*Id.*)

The indictment does not set forth these facts alone. It also details the history and purpose of the Controlled Services Act—under which the Defendants have been charged— including descriptions of the drugs the Defendants are allegedly responsible for distributing illegally and discusses state and federal regulations that are relevant to Defendants' conduct. (*Id.* ¶ 3–15.) Alston takes issue with this portion of the indictment, claiming that the language is "verbose, argumentative, and contains irrelevant prejudicial information that would not be admissible as evidence at trial" and, therefore, denies him of his right to Due Process. (D.E. 58 at PageID 119.) He posits that the Government included this material to "argue its case, with evidence that may not be admitted at trial, and to serve as a reminder to the jury during its deliberations about the government's theory, whether that evidence is admitted . . . or not." (*Id.* at PageID 121.) Alston does not delineate individual facts or parse particularized legal arguments; instead, he presents a generalized grievance that the indictment deviates from the principle that it should "give the defendant notice of the charges so that he is capable of preparing a defense." (*Id.*)

The Government responds that the background is "useful to understand the crime charged" and is not prejudicial because it is information that is germane to the charges. (D.E. 64 at PageID 140–41.) The Government further points out that Alston failed to cite any authority that would establish that his Due Process rights had been violated. (*Id.* at PageID 140.) Indeed, the Government asserts that it intends to prove all allegations made in the indictment at trial. (*Id.*)

## ANALYSIS

Fed. R. Crim. P. 7(c)(1) provides that "[t]he indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and

must be signed by an attorney for the government. It need not contain a formal introduction or conclusion," and "[a] count may allege that the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specified means." Fed. R. Crim. P. 7(d) permits a defendant to move to strike any "surplusage" from the indictment.

Whether to strike surplusage is subject to the district court's discretion. *United States v. Williams*, 158 F. App'x 651, 654 (6th Cir. 2005); *see also United States v. Emuegbunam*, 268 F.3d 377, 394 (6th Cir. 2001) (same); *United States v. Moss*, 9 F.3d 543, 550 (6th Cir. 1993) (same). "[A] motion to strike surplusage should be granted only if it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial." *United States v. Montgomery*, 10 F. Supp. 3d 801, 816 (W.D. Tenn. 2014) (alteration in original) (quoting 1 Charles Alan Wright & Andrew D. Leipold, *Federal Practice and Procedure* § 128, at 643 (4th ed.2008)); *accord United States v. Neller*, 229 F.3d 1154, 2000 WL 1234330, at *2 (6th Cir. Aug. 25, 2000) (table) (per curiam). "Rule 7(d) has been strictly construed against striking surplusage." *United States v. Kemper*, 503 F.2d 327, 329 (6th Cir. 1974) (citing 1 Wright, *supra*, § 127 (1969)). Furthermore, "if the language in the indictment is information which the government hopes to properly prove at trial, it cannot be considered surplusage no matter how prejudicial it may be (provided, of course, it is legally relevant)." *Moss*, 9 F.3d at 543 (citing *United States v. Thomas*, 875 F.2d 559, 562 n.2 (6th Cir. 1989).

The decision in *United States v. Miller*, 815 F.2d 80, 1987 WL 36302 (6th Cir. Feb. 5, 1987) (table) (per curiam), is instructive. There, a medical provider was charged with distributing amphetamines outside the usual course of medical practice, in violation of 28 U.S.C. § 841. *Id.* at *1. In addition to asserting the criminal charges, the indictment set forth "(1) the applicable state amphetamine regulations, (2) the quantity of amphetamines and phendimetrazine [the defendant]

3

had purchased, and (3) [the defendant's] ranking in amphetamine purchases in comparison to other doctors." *Id.* at *3.  The appellate court found the "allegations that the defendant had violated minimal state standards for dispensing amphetamines and had purchased drugs on a large scale" relevant and held that the district court did not abuse its discretion in denying the defendant's motion to strike.  *Id.*

Similarly, the indictment in this case sets forth regulations and background information that describes the manner and means by which the Government alleges Alston committed the charged crimes.  As in *Miller*, the indictment avers that Defendants conspired to distribute drugs in a way not consistent with usual professional practice, and, therefore, the regulations under which they were operating could be relevant information.  Additionally, the language cannot be considered prejudicial, as the Government has indicated that it intends to establish these allegations at trial.  Therefore, the motion to dismiss the indictment or strike language from it as surplusage is DENIED.

IT IS SO ORDERED this 18th day of June, 2019.

                s/ J. DANIEL BREEN
                UNITED STATES DISTRICT JUDGE