IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

v.                              No. 1:19-cr-10041-JDB-2

BRITNEY PETWAY AND
CHARLES ALSTON,

     Defendants.

_____

ORDER DENYING DEFENDANT CHARLES ALSTON'S MOTION TO SEVER
DEFENDANT
_____

Before the Court is the June 4, 2019, motion of Defendant, Charles Alston, to find that joinder of Alston with co-Defendant Petway is inappropriate under Fed. R. Crim. P. 8(b), or in the alternative to sever Alston from this action, pursuant to Fed. R. Crim. P. 14. (Docket Entry "D.E." 65.) The Government has responded. (D.E. 72.)

## BACKGROUND

Alston and his Co-Defendant, Britney Petway, were indicted by a grand jury on April 15, 2019, for conspiring to unlawfully distribute and dispense controlled substances, in violation of 21 U.S.C. § 846. (D.E. 4.) In the single-count indictment, the Government charges that Petway prescribed Schedule II and IV controlled substances outside the usual scope of professional practice and without a legitimate medical purpose during her time as a nurse practitioner at Superior Health and Wellness Clinic, LLC in Jackson, Tennessee, and that, during these events, Alston was her supervising physician. (*Id.* ¶ 1–2.) The indictment avers that Petway abused her privileges as a medical practitioner to generate large profits from the prescriptions for the

1

Defendants' personal use and benefit.  (*Id.* ¶ 18–25.)  Alston is allegedly culpable by lending an appearance of legitimacy to Petway's clinic, yet approving her misuse of the prescription privileges.  (*Id.*)

Alston contends that his trial should be separate from Petway's under Fed. R. Crim. P. 8(b) because there is no "link constituting a conspiracy" between the two, as "there is no reason to believe that [Defendants] were working toward a common end in which all would share the fruits of their collective labor."  (D.E. 65 at PageID 150.)  He next argues, in the alternative, that the Court should grant a severance, pursuant to Fed. R. Crim. P. 14.  (*Id.* at PageID 151–55.)  Defendant insists that "the amount of evidence that even merely *mentions* Alston is minuscule compared to the substantial volume pertaining to [Petway]," and he would, therefore, be prejudiced by a joint trial.  (*Id.* at PageID 154 (emphasis in original).)

The Government responds that joinder of the Defendants is proper under Rule 8 because the two are charged together in the same conspiracy.  (D.E. 72 at PageID 177–78.)  Furthermore, the Government points out that evidence against the two Defendants will overlap based on the allegations against them.  (*Id.*)  Additionally, the Government asserts that Alston has not demonstrated "compelling prejudice," as required under Rule 14, and suggests that any prejudice suffered by the doctor from evidence offered against Petway not relevant to his culpability could be cured by an appropriate jury instruction.  (*Id.* at PageID 178–80.)

## ANALYSIS

Fed. R. Crim. P. 8(b) provides that "[t]he indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses."  Under Sixth Circuit precedent, "[i]t is well settled that joinder is proper under Rule 8(b) where an indictment charges multiple

defendants with participation in a single conspiracy." *United States v. Warner*, 690 F.2d 545, 551 (6th Cir. 1982); *United States v. Saleh*, 875 F.2d 535, 538 (6th Cir. 1989) ("[U]nder Rule 8(b) courts may properly join in an indictment defendants charged with participation in a single conspiracy.").

The indictment in this case alleges that Alston supervised Petway as her preceptor, which makes him culpable in the supposed scheme, and both are charged in a single conspiracy. Although Defendant attempts to overcome the rule that defendants indicted in the same conspiracy are properly joined by Rule 8(b) by arguing that he and Petway did not engage in the same series of acts but offers neither legal support from this circuit nor factual support from the indictment for that contention. Furthermore, even considering the holding of *United States v. Maranghi*, 718 F. Supp. 1450 (N.D. Cal. 1989), which is the case upon which Alston relies, his reasoning fails. In *Maranghi*, the government attempted to prosecute a low-level drug dealer along with the upper echelons of his distribution network and other individual dealers. The district court found that joinder was improper because "[t]he evidence relevant to" the defendant's single transaction would have been "dwarfed by that offered to prove the existence of an international drug conspiracy involving a dozen other defendants and an untold number of other deals—all irrelevant to the offense with which [the defendant]" had actually been charged. *Id.* at 1452. This case is entirely dissimilar. The Government is charging both Defendants with participation in the same conspiracy: that Petway distributed drugs illegally and that Alston oversaw those distributions as her preceptor, making him culpable. Unlike in *Maranghi*, there are no other conspirators charged in the indictment, much less any other conspiracies. Therefore, joinder under Rule 8 is proper.

The permissiveness of joinder in Rule 8 is tempered by Fed. R. Crim. P. 14(a), which states that "[i]f the joinder of offenses . . . in an indictment, an information, or a consolidation for trial

appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." A court should grant motions to sever under Rule 14 only where "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). This is a "heavy burden" that requires "showing specific and compelling prejudice resulting from a joint trial which can be rectified only by separate trials." *United States v. Dempsey*, 733 F.2d 392, 398 (6th Cir. 1984) (internal quotation marks omitted). "Even where the risk of prejudice is high, 'less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice.'" *United States v. Driver*, 535 F.3d 424, 427 (6th Cir. 2008). Indeed, the jury is presumed competent to sort out evidence and consider each defendant separately. *United States v. Rugiero*, 20 F.3d 1387, 1391 (6th Cir. 1994) (quoting *United States v. Swift*, 809 F.2d 320, 322 (6th Cir. 1987)).

Alston has failed to meet this burden, as well. Defendant suggests that there would be spillover evidence from the case against Petway that would unfairly prejudice him. This is the only factor Alston points to on the issue of prejudice. However, "[a] great disparity of evidence alone will not serve as a basis for severance." *United States v. Thomas*, 728 F.2d 313, 319 (6th Cir. 1984), *abrogated on other grounds by United States v. Carroll*, 26 F.3d 1380 (6th Cir. 1994). Furthermore, if the Government presents an abundance of evidence in its proof against Petway, the Court can remedy any prejudicial effects with a curative jury instruction. Because Defendant has argued nothing more than a possible danger of spillover evidence, and because both Defendants are charged in a single count, his motions brought under Rules 8 and 14 are DENIED.[1]

---

[1] Alston's motion for oral argument on this issue is DENIED AS MOOT. (D.E. 74.)

IT IS SO ORDERED this 1st day of July, 2019.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE