IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.  No. 1:19-cr-10041-JDB-2

BRITNEY PETWAY AND
CHARLES ALSTON,

    Defendants.

_____

ORDER DENYING DEFENDANT CHARLES ALSTON'S MOTION TO MODIFY
CONDITIONS OF RELEASE
_____

Before the Court is the June 18, 2019, motion of Defendant, Charles Alston, to modify the conditions of his release, which prohibit him from prescribing certain medications. (Docket Entry "D.E." 71.) The Government has filed its response, opposing the relief sought. (D.E. 81.)

## BACKGROUND

Alston and his co-Defendant, Britney Petway, were indicted by a grand jury on April 15, 2019, for conspiring to unlawfully distribute and dispense controlled substances, in violation of 21 U.S.C. § 846. (D.E. 4.) In the indictment, the Government maintains that Petway prescribed Schedule II and IV controlled substances outside the usual scope of professional practice and without a legitimate medical purpose during her time as a nurse practitioner at Superior Health and Wellness Clinic, LLC in Jackson, Tennessee, and that, during these events, Alston was her supervising physician. (*Id.* ¶ 1–2.) The indictment avers that Petway abused her privileges as a medical practitioner to generate large profits from the prescriptions for the Defendants' personal

1

use and benefit. (*Id.* ¶ 18–25.) Alston is allegedly culpable by lending an appearance of legitimacy to Petway's clinic, yet approving her misuse of the prescription privileges. (*Id.*)

On April 18, 2019, Defendant appeared before Magistrate Judge Jon. A. York for his arraignment and detention hearing. (D.E. 18.) Judge York allowed Alston to be released on a $10,000 bond pending the resolution of the case and, among other conditions, prohibited him from prescribing "Schedule II drugs or any benzodiazepine or carisoprodol." (D.E. 17; D.E. 19 at PageID 50.)

Defendant now seeks review of the magistrate judge's decision and requests that this Court modify the conditions of his release "to allow him to prescribe medication under the monitoring of pre-trial services." (D.E. 71 at PageID 169.) Alston asserts that "[w]ithout the ability to prescribe medication, he is unable to work at any medical facility as a doctor," as "he is unable to prescribe medication that is required for a practicing hospitalist." (*Id.* at PageID 170.) He further claims that he "has no previous history of discipline by the Tennessee Medical Board or any other medical board," and that other, similarly-situated defendants have been permitted to prescribe medication "under the monitoring of pre-trial services." (*Id.*)

The Government responds that Defendant's conditions of release should not be modified, as he has failed to allege "any changed circumstances or reduced danger to the community . . . ." (D.E. 81 at PageID 217.) The Government points out that Alston permitted Petway to prescribe "hundreds of thousands of opioid pills" including "the 'holy trinity,' which is comprised of opioids (usually Oxycodone), benzodiazepines (usually Alprazolam), and the muscle relaxer Carisoprodol." (*Id.* at PageID 219 (emphasis removed).) The Government also insists that the evidence weighs against Defendant, as he "was Petway's supervising physician, he was registered with the State as her preceptor, his name was at the top of her prescription pads for Superior Health,

he had an obligation to review her charts, and witness interviews indicate that he did in fact review at least some her charts." (*Id.*)  Next, the Government avers that Alston's lengthy experience, in fact, favors the prescribing restriction, because he "abused his position of trust" as a doctor, which, the Government points out, is reflected by the indictment of another nurse practitioner under his supervision for similar charges as the Defendants in this case.[1]  (*Id.* at PageID 219–20.)  The Government attacks Alston's argument for the modification of this condition as entirely self-serving and for failing to demonstrate how he would not be a danger to the community if allowed to prescribe these medications.  (*Id.* at PageID 220.)  Finally, the Government argues that Defendant has not offered a practical suggestion as to how pre-trial services could monitor his professional conduct.  (*Id.* at PageID 220–21.)

## ANALYSIS

18 U.S.C. § 3142 governs the procedure under which a judicial officer determines whether to release or detain a criminal defendant pending his trial.  The statute provides that "the judicial officer shall issue an order that, pending trial, the person be—

> (1) released on personal recognizance or upon execution of an unsecured appearance bond, under subsection (b) of this section;
> (2) released on a condition or combination of conditions under subsection (c) of this section;
> (3) temporarily detained to permit revocation of conditional release, deportation, or exclusion under subsection (d) of this section; or
> (4) detained under subsection (e) of this section."

*Id.* § 3142(a).  Subsection (c) of the statute permits the judicial officer to impose any condition "that is reasonably necessary . . . to assure the safety of . . . the community" and to amend these conditions "at any time."

---

[1] *United States v. Jeffrey Young, et al*, 1:19-cr-10040-JDB.  Alston is not indicted in that case.

3

Furthermore, 18 U.S.C. § 3145(a)(2) provides that "[i]f a person is ordered released by a magistrate judge, . . . the person may file, with the court having original jurisdiction over the offense, a motion for amendment of the conditions of release." The district court reviews a magistrate judge's release or detention order *de novo*. *United States v. Marcum*, 953 F. Supp. 2d 877, 880 (W.D. Tenn. 2013); *see also United States v. Romans*, No. 00–5456, 2000 WL 658042, at *1 (6th Cir. May 9, 2000) (affirming district court that had reviewed the magistrate judge's detention order de novo); *United States v. Montgomery*, No. 09-20101, 2010 WL 1052339, at *1 (E.D. Mich. Mar. 19, 2010) (citing case law indicating that, although the Sixth Circuit Court of Appeals has not squarely addressed the proper standard of review of a magistrate judge's release or detention order, the majority of circuits to have considered the issue have held that de novo review is appropriate). Therefore, the Court "should engage in the same analysis, with the same options . . . as the magistrate judge." *United States v. Bush*, No. 3:12–CR–140, 2013 WL 3884505, at *3 (E.D. Tenn. July 26, 2013) (quoting *United States v. Yamini*, 91 F. Supp. 2d 1125, 1129 (S.D. Ohio 2000)).

18 U.S.C. § 3142(g) provides four factors for the Court to consider when "determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community":

> (1) the nature and circumstances of the offense charged, including whether the crime involves a controlled substance;
> (2) the weight of evidence against the person;
> (3) the history and characteristics of the person; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

Notably, the crime of conspiracy to distribute a controlled substance carries with it the rebuttable presumption of detention. *Id.* § 3142(e)(3) ("Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person

4

as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed . . . an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances . . . .")

Alston has failed to present any new evidence to the Court that would cause it to reconsider Magistrate Judge York's conditions of release. The Court is charged with the task of evaluating whether Defendant will be a danger to the community. After weighing evidence submitted by the parties, the magistrate judge determined that Alston would be a danger to the community if he were permitted to continue prescribing certain medications. Nothing in Defendant's motion squarely addresses that concern. Instead, he argues for the modification on the basis that he has been unable to generate income from his profession. While the Court recognizes that this may be a hardship, it is not a principal consideration the Court makes when determining a defendant's safety to the community. *See* 18 U.S.C. § 3142(g). The crime Alston was charged with is very serious, and as a doctor, he is in a unique position of trust. By restricting him in dispensing the same drugs he is charged in a conspiracy with Petway with overprescribing, the Court is mitigating any concern that Alston might misuse his privileges. Defendant's ability to prescribe other medications is not similarly prohibited.

In light of the foregoing, Alston's motion is DENIED.

IT IS SO ORDERED this 2nd day of August, 2019.

s/ J. DANIEL BREEN  
UNITED STATES DISTRICT JUDGE