IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CR. NO. <u>1:19-cr-10041-JDB-1</u> |
| ) | |
| vs. ) | |
| ) | |
| BRITNEY PETWAY, ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO AMEND RELEASE CONDITIONS**
_____

The United States hereby opposes Defendant Britney Petway's (the "Defendant's") Motion to Amend Conditions of Release. Petway is charged by indictment with conspiracy to distribute controlled substances outside the scope of professional practice, and not for a legitimate medical purpose; to the extent she would be expanding her medical practice, Petway should not be permitted to travel outside the jurisdiction for the purpose of new employment to ensure the safety of communities throughout Tennessee and Mississippi. In addition, the remedy the Defendant seeks is too broad — the existing conditions of release allow for her to obtain Court approval whenever she wishes to leave the jurisdiction. Petway's travel restrictions need not be removed in their entirety; instead, the Court could approve her travel for the specific purpose of attending interviews, without amending her conditions of release. Accordingly, her motion should be denied.

## BACKGROUND

On April 15, 2019, Britney Petway and her co-Defendant Charles Alston were

1

charged by indictment with one count of Conspiracy to Distribute and Dispense Controlled Substances, in violation of 21 U.S.C. § 846 (Dkt. 3). Defendant Petway initially appeared before the court on April 17, 2019 (Dkt. 8), and was released on bond April 18, 2019 (Dkt. 20). Following a detention hearing on April 22, 2019, Petway was released subject to pretrial conditions (Dkt. 35). One of the conditions of release was that she not "travel outside the Western District of Tennessee without Court approval" (Dkt. 35).  On August 13, 2019, Defendant Petway filed the instant motion requesting that the Court remove the travel restriction because she "need[s] to travel throughout the State of Tennessee and the State of Mississippi for work purposes and to explore new work opportunities" (Dkt. 85).

## LEGAL STANDARD

Section 3142 of Title 18 governs release pending trial. Under 18 U.S.C. § 3142(a), "[u]pon the appearance before a judicial officer of a person charged with an offense, the judicial officer shall issue an order" regarding a defendant's pre-trial release or detention. Under § 3142(c), the court may fashion release conditions "subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." Moreover, "[t]he judicial officer may at any time amend the order to impose additional or different conditions of release." *See* 18 U.S.C. § 3142(c)(3).

Pursuant to 18 U.S.C. § 3145 (a)(2), a district court may review a magistrate judge's release order on motion by the defendant. A magistrate judge's release order is reviewed de novo. *See United States v. Miranda*, 2019 WL 1237074, at *2 (E.D. Mich. Mar. 18, 2019) (citing *United States v. Marcum*, 953 F. Supp. 877, 880 (W.D. Tenn.

2013)); *see also United States v. Romans*, 2000 WL 658042, at *1 (6th Cir. May 9, 2000) (affirming district court that had reviewed the magistrate judge's detention order de novo). Accordingly, the Court must "engage in the same analysis, with the same options . . . as the magistrate judge." *Villegas*, 2011 WL 1135018, at *4 (quoting *United States v. Yamini*, 91 F.Supp.2d 1125, 1129 (S.D. Ohio 2000)) (internal quotation marks omitted).

Under 18 U.S.C. § 3142(g), the Court considers four factors when "determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community": (1) the nature and circumstances of the offense; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. A defendant must be detained pending trial if "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). The Bail Act requires detention whenever a defendant is either a flight-risk or a danger to the community. *See id.*; *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985). Moreover, certain crimes carry a presumption of detention; conspiracy to distribute a controlled substance is such a charge. *See* 18 U.S.C. § 3142(e)(2) and (3).

## ARGUMENT

Defendant Petway's release conditions should not be modified under 18 U.S.C. § 3142(c)(3), nor should her travel condition be removed if considering her conditions of

3

release anew under § 3145 (a)(2).[1] Prohibiting the Defendant from traveling outside the Western District of Tennessee without Court approval is the least restrictive means to ensure the safety of the community and her return to court. Petway contends that her travel condition should be removed to allow her to explore new work opportunities; even if the Court were to permit travel for this purpose, her conditions of release do not need to be altered to achieve her stated goal.

The government contends that Defendant Petway should not be permitted to travel outside the jurisdiction to the extent she is expanding her medical practice, given the nature of the charges in this matter. Moreover, as a practical matter, if permitted to practice throughout Tennessee and Mississippi, the government is concerned about the difficulties of monitoring the Defendant pretrial.

In any event, the Court need not amend Petway's release conditions, even if she were allowed to travel to Mississippi and other jurisdictions in Tennessee to explore work opportunities. The Release Order, as it is written, only restricts "travel outside the Western District of Tennessee without Court approval." The Court could dispose of the present Motion by granting Petway approval to travel to specific interviews without fully amending her Release Order to remove her travel restrictions in their entirety. If the Court were to do so over the government's objection, the government respectfully requests that Defendant Petway be required to inform potential employers of her restrictions on

---

[1] To the extent that the Defendant is requesting de novo review of her conditions of release under § 3145(a)(2), the government maintains its position presented at the detention hearing that Defendant Petway should be detained. The crime with which Petway has been indicted, conspiracy to distribute a controlled substance, sets forth a presumption of detention. *Marcrum*, 953 F. Supp. 2d at 880 ("when the government submits an indictment including charges listed in section 3142(e)(3), it has fulfilled its burden to establish the presumption in favor of detention.") (citation omitted). In addition, the factors articulated in § 3142(g) weigh against Defendant Petway.

prescribing, that she only be permitted to travel to attend specific interviews, and that Pretrial Services confirm that she could still be monitored in other jurisdictions while working.

Because there is no basis to amend Defendant Petway's release conditions, Defendant's Motion should be DENIED.

                                              Respectfully submitted,

                                              D. MICHAEL DUNAVANT
                                              United States Attorney

By:      */s/ Jillian Willis*
          JILLIAN D. WILLIS
          Trial Attorney
          United States Department of Justice
          Criminal Division, Fraud Section

## **CERTIFICATE OF SERVICE**

I, Jillian Willis, Trial Attorney in the United States Department of Justice, Criminal Division, hereby certify that a copy of the foregoing pleading was forwarded by electronic means via the court's electronic filing system to counsel for the defendant.

THIS the 16th day of August, 2019.

                                              */s/ Jillian Willis*
                                              JILLIAN D. WILLIS
                                              Trial Attorney
                                              United States Department of Justice
                                              Criminal Division, Fraud Section