# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CR. NO. <u>1:19-cr-10041-JDB</u> |
| | ) | |
| vs. | ) | |
| | ) | |
| BRITNEY PETWAY and | ) | |
| CHARLES ALSTON, | ) | |
| | ) | |
| Defendants. | ) | |

## GOVERNMENT'S OPPOSITION TO DEFENDANTS' MOTION FOR DISCLOSURE OF KNOWN CO-CONSPIRATORS

The United States hereby opposes Defendant Charles Alston's and Defendant Britney Petway's (the "Defendants'") Motion for Disclosure of Known Co-Conspirators. Defendants provide no legal basis to require the government to disclose identities, statements, and other information about unindicted co-conspirators, and ignore the general rule in this Circuit that the government is not required to provide a list of potential pre-trial witnesses. Accordingly, their Motion should be denied.

### BACKGROUND

The government incorporates by reference the background provided in its July 3, 2019, Opposition to Defendant Charles Alston's Motion to Reveal Identity of Confidential Informants (Dkt. 82). On August 20, 2019, Defendant Alston filed the instant Motion for Disclosure of Known Co-Conspirators (Dkt. 89). Defendant Petway moved to join Defendant Alston's Motion on August 29, 2019 (Dkt. 91).

Defendants request a list of names of any alleged co-conspirators, and any

witnesses who have been granted statutory or de facto immunity as to the offenses charged in the indictment in this matter; a statement of whether or not any alleged co-conspirators or person has provided information for consideration (or cooperated); and any co-conspirators' statements. In support of their Motion, Defendants cite Federal Rules of Criminal Procedure 6, 7, 12, and 16, and the Fifth and Sixth Amendments to the Constitution. Defendants also cite one unpublished opinion: *United States v. Crawford*, No. 04-20103 DV, 2004 WL 2905394 (W.D. Tenn. May 3, 2004). Defendants assert that they are "entitled to know about those co-conspirators' statements that led to criminal charges," that without the information they would be "unable to research any of these known co-conspirators" and that they "would be unable to determine whether Defendant needs to file a subsequent motion for severance" (See Dkt. 89).

## ARGUMENT

Defendants have provided no basis to compel the government to provide a list of any known co-conspirators and any co-conspirator statements, nor have they provided a basis to reveal the identities of any potential cooperators or information about any such individuals. Defendants' Motion amounts to a request for a list of potential government witnesses, potential witness statements, and impeachment information about potential witnesses. The Sixth Circuit has instructed that, as a general rule, the government is not required to disclose the names of potential witnesses before trial. *See United States v. Perkins*, 994 F.2d 1184, 1190 (6th Cir.), cert. denied, 510 U.S. 903 (1993). And, to the extent the Defense is again seeking the identities of confidential informants, this Court has already denied such a request (Dkt. 83). Furthermore, the Sixth Circuit has expressly stated, "[a]s long as the indictment is valid, contains the elements of the offense, and

gives notice to the defendant of the charges against him, it is not essential that a conspirator know all other conspirators." *See United States v. Rey*, 923 F.2d 1217, 1222 (6th Cir. 1991).

In addition, co-conspirator statements do not fall within the ambit of Rule 16. *United States v. Boykins*, 1990 WL 143559, at *7 (6th Cir. Oct. 2, 1990). To the contrary, moving to compel the pre-trial disclosure of any co-conspirator statements runs afoul of Rule 16 and the Jencks Act, which clearly spell out the timing that such statements are to be provided. *See, e.g., United States v. Presser*, 844 F.2d 1275 (6th Cir. 1988) (reasoning that "Rule 16 requires the government to disclose to the defense before trial only specific categories of evidence" and "conclude[ing] that the government cannot be compelled to disclose impeachment material which would be covered by the Jencks Act relating to any potential government witness, whether it be a witness in the case-in-chief or a rebuttal witness").

Notably, in the one case cited in the Defendants' Motion, *U.S. v. Crawford*, the Court denied the request for the "disclosure of the names and identifying information of witnesses, co-conspirators, and knowledgeable persons." 2004 WL 2905394 at *3. The Court in *Crawford* noted that "the government is under no obligation to disclose information about merely potential witnesses" and that the defendant was "not entitled to general access to the investigative file or to statements other than his own." *See id.* (citing *United States v. Mullins*, 22 F.3d 1365, 1371–72 (6th Cir.1994)). Defendants Alston and Petway have cited no authority that their case should warrant a different result.

WHEREFORE Defendants' Motion Should be DENIED.

Respectfully submitted,

D. MICHAEL DUNAVANT
United States Attorney

By:     */s/ Jillian Willis*
JILLIAN D. WILLIS
Trial Attorney
United States Department of Justice
Criminal Division, Fraud Section

## CERTIFICATE OF SERVICE

I, Jillian Willis, Trial Attorney in the United States Department of Justice, Criminal Division, hereby certify that a copy of the foregoing pleading was forwarded by electronic means via the court's electronic filing system to counsel for the defendant.

THIS the 3rd day of September, 2019.

    */s/ Jillian Willis*
JILLIAN D. WILLIS
Trial Attorney
United States Department of Justice
Criminal Division, Fraud Section