IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CR. NO. <u>1:19-cr-10041-JDB</u> |
| ) | |
| vs. ) | |
| ) | |
| BRITNEY PETWAY and ) | |
| CHARLES ALSTON, ) | |
| ) | |
| Defendants. ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANTS' MOTION TO DISCLOSE WHICH PATIENT FILES WERE PROVIDED TO GOVERNMENT EXPERT WTINESSES**
_____

The United States hereby opposes Defendant Charles Alston's and Defendant Britney Petway's (the "Defendants'") Motion to Disclose Which Patient Files Were Provided to Government Expert Witnesses. The Government does not oppose providing information as to what files Dr. Christensen reviewed (and in fact, this information is included in the report provided); however, how and why Dr. Christensen was provided certain patient files is beyond the scope of discovery.

**BACKGROUND**

On April 15, 2019, Britney Petway and her co-Defendant Charles Alston were charged by indictment with one count of Conspiracy to Distribute and Dispense Controlled Substances, in violation of 21 U.S.C. § 846 (Dkt. 3). During the course of discovery, the Government provided the Defense with an expert review of patient files conducted by Dr. Carl Christensen. Affixed to the file review is a February 19, 2019, letter stating, "[a]ttached are my dictations on the patient files sent to me on Britney Petway" and that

1

there are "summaries on each patient file reviewed, followed by a full dictation of each chart." The review also includes information related to certain prescriptions.

On September 5, 2019, Defendant Alston filed the instant Motion to Disclose Which Patient Files Were Provided to Government Expert Witnesses (Dkt. 100). After Defendant Petway moved to join Alston's Motion, the Court granted her request on September 11, 2019 (Dkt. 104).

Defendants seek two categories of information: (1) the total number of files provided to Dr. Christensen for his review and (2) if Dr. Christensen was provided 20 patient files, "how and why those 20 patient files were selected." Defendants assert that this information is required under Rule 16 as the bases of the expert's opinion.

## ARGUMENT

As an initial matter, the government does not take issue with providing the defense with the number of files reviewed by Dr. Christensen in connection with the February 19, 2019, report (or which files were reviewed). Indeed, the specific files are identified in Dr. Christensen's report.

The government only takes issue with defense's demand that the government provide its reasons why the government selected the specific 20 files it provided to Christensen. Such a request is beyond the scope of discovery.  Federal Rule of Criminal Procedure 16 is limited to specific categories of evidence. *See United States v. Presser*, 844 F.2d 1275. 1284 ("Rule 16 requires the government to disclose to the defense before trial only specific categories of evidence."). To be sure, the identities and contents of the reviewed files go to the basis of Dr. Christensen's opinion, and the government has provided that information. But the government's internal decision-

2

making process about which files to send has no bearing on what Dr. Christensen ultimately concluded after reviewing those files. The Defendant's request of the government's *reasoning* as to *why* it provided certain files to an expert is a request for work product. Work product is not discoverable. *See United States v. Armstrong*, 517 U.S. 456, 463 (1996) ("Under Rule 16(a)(1)(C), a defendant may examine documents material to his defense, but, under Rule 16(a)(2), he may not examine Government work product in connection with his case.").

WHEREFORE Defendants' Motion Should be DENIED.

Respectfully submitted,

D. MICHAEL DUNAVANT
United States Attorney

By:     */s/ Jillian Willis*
JILLIAN D. WILLIS
Trial Attorney
United States Department of Justice
Criminal Division, Fraud Section

3

## **CERTIFICATE OF SERVICE**

I, Jillian Willis, Trial Attorney in the United States Department of Justice, Criminal Division, hereby certify that a copy of the foregoing pleading was forwarded by electronic means via the court's electronic filing system to counsel for the defendant.

THIS the 20th day of September, 2019.

                                                  */s/ Jillian Willis*
                                                  JILLIAN D. WILLIS
                                                  Trial Attorney
                                                  United States Department of Justice
                                                  Criminal Division, Fraud Section