IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CR. NO. <u>1:19-cr-10041-JDB</u> |
| ) | |
| vs. ) | |
| ) | |
| BRITNEY PETWAY and ) | |
| CHARLES ALSTON, ) | |
| ) | |
| Defendants. ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE GOVERNMENT EXPERT WTINESSES**
_____

      The United States hereby opposes Defendant Charles Alston's and Defendant Britney Petway's (the "Defendants'") Motion to Exclude Expert Witnesses. Specifically, the United States opposes the Defendants' Motion as it relates to Dr. Christensen. Defendants' Motion as it relates to Dr. Schneider is now moot, as the government is withdrawing its notice for this expert.

### BACKGROUND

      On April 15, 2019, Britney Petway and her co-Defendant Charles Alston were charged by indictment with one count of Conspiracy to Distribute and Dispense Controlled Substances, in violation of 21 U.S.C. § 846 (Dkt. 3). During the course of discovery, the Government provided the Defense with an expert review of patient files conducted by Dr. Carl Christensen.

      On September 13, 2019, the defense provided the government with an expert witness report from Dr. Richard Martin (Dkt. 105). As part of his review, Dr. Martin

1

reviewed Dr. Carl Christensen's report, and Dr. Martin opined on Dr. Christensen's conclusions. On September 16, 2019, the Government noticed Dr. Christensen as an expert for trial, and indicated that Dr. Christensen would testify regarding professional practice and the contents of his February 10, 2019, review (Dkt. 107). Defendants argue that the government's expert should be excluded because the written summary provides an insufficient basis for Dr. Christensen's opinions, and that the government did not disclose qualification information regarding Dr. Christensen (Dkt. 111).

## ARGUMENT

The government's expert notice, which incorporates by reference Dr. Christensen's February 10, 2019, file review provides the defense with Dr. Christensen's opinions and bases of those opinions.  In the 68 pages provided to the defense regarding Dr. Christensen's chart review, Dr. Christensen not only gives overall conclusions in the cover letter, and lists his qualifications (MD, PhD, D-FASAM), but goes through each patient file reviewed and provides greater details regarding his opinions. For example, Dr. Christensen discusses the prescriptions provided, the failure to recognize the CDC guidelines and FDA black box warning for multiple patients, and specific urine drug screen issues for specific patients. Indeed, the Defense expert was able to opine on Dr. Christensen's review and to also provide an opinion on how Dr. Christensen's practice differed from Petway's practice. Here, the notice provided satisfies the objective of Rule 16, to "minimize surprise that often results from unexpected expert testimony . . . and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination." *See United States v. Lazar*, No. 04-20017-DC, 2004 WL 7331840, at *2  (W.D. Tenn. October 28, 2004) (citation omitted).

Moreover, months before trial, the court should not exclude the expert the government has noticed; this would be an extraordinary remedy given that the defense fails to demonstrate any prejudice in its motion. As the Sixth Circuit instructs, "[t]he goal of discovery in criminal trials is to insure a fair and thorough determination of defendant's guilt or innocence. In order to reach this goal, suppression of evidence must be viewed as an undesirable remedy reserved for cases of incurable prejudice or bad faith conduct demanding punishment by the court." *United States v. Maples*, 60 F.3d 244, 247 (6th Cir. 1995); *see also United States v. Ganier*, 468 F.3d 920 (6th Cir. 2006) (finding that excluding testimony was not warranted and noting "'District courts should embrace the 'least severe sanction necessary' doctrine, and hold that suppression of relevant evidence as a remedial device should be limited to circumstances in which it is necessary to serve remedial objectives'"). To the extent the defense is requesting additional details regarding Dr. Christensen's qualifications, at the time of filing this opposition, the government is contemporaneously providing supplemental background information.

WHEREFORE the Defense Motion Should be DENIED.

                                        Respectfully submitted,

                                        D. MICHAEL DUNAVANT
                                        United States Attorney

                     By:      */s/ Jillian Willis*
                              JILLIAN D. WILLIS
                              Trial Attorney
                              United States Department of Justice
                              Criminal Division, Fraud Section

## **CERTIFICATE OF SERVICE**

    I, Jillian Willis, Trial Attorney in the United States Department of Justice, Criminal Division, hereby certify that a copy of the foregoing pleading was forwarded by electronic means via the court's electronic filing system to counsel for the defendant.

    THIS the 11th day of October, 2019.

                                                                  /s/ Jillian Willis
                                             JILLIAN D. WILLIS
                                             Trial Attorney
                                             United States Department of Justice
                                             Criminal Division, Fraud Section