IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                        No. 1:19-cr-10041-JDB

BRITNEY PETWAY and
CHARLES ALSTON,

    Defendants.

_____

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISCLOSE, DENYING DEFENDANTS' MOTION TO EXCLUDE EXPERT WITNESSES, AND ORDERING GOVERNMENT TO SUPPLEMENT ITS EXPERT DISCLOSURE
_____

    Defendants, Charles Alston and Britney Petway, were indicted by a grand jury on April 15, 2019, for conspiring to unlawfully distribute and dispense controlled substances in violation of 21 U.S.C. § 846. (Docket Entry "D.E." 4.) On September 16, 2019, the United States notified Defendants that Dr. Carl Christensen and Dr. John R. Schneider may be called as expert witnesses in its case-in-chief. (D.E. 107.) Before the Court are Alston's September 5, 2019, and September 20, 2019, motions to disclose which patient files were provided to these expert witnesses, (D.E. 100), and to exclude from testifying as witnesses both Schneider and Christensen, (D.E. 111). Petway moved to join in Alston's motions,[1] (D.E. 101, 113), which the Court granted, (D.E. 104, 114). The Government filed responses in opposition on September 13, 2019, and October 11, 2019. (D.E. 110, 117.)

---

[1] Petway's motions do not set forth any additional arguments. Therefore, the arguments addressed herein are those presented by Alston.

*Defendants' Motion to Disclose*

During discovery, the Government provided Defendants with eighty patient files seized from their office, Superior Health and Wellness Clinic, and from Jackson Madison County General Hospital. (D.E. 100 at PageID 291.) According to Alston, Christensen's expert report concerns only twenty of these files. (*Id.* at PageID 292.) As to this witness, Defendants seek to discover (1) the total number of files provided to Christensen for his review, (2) whether the Government provided him all eighty patient files and, if so, "how and why only [twenty] patient files were selected and reviewed," and (3) if only twenty files were provided to Christensen, who selected them for review and how and why those particular files were selected. (*Id.*) Alston asserts that disclosure of this information is required under Federal Rule of Criminal Procedure 16 as it goes to the foundation of Christensen's opinions and is necessary so that the Defendants' expert can "understand exactly what to review." (*Id.* at PageID 293–95.) Without this information, the Defendants' expert report would lack the basis for why a select few of the patient files were chosen by the Government for review by its experts. (*Id.* at PageID 293.)

In response, the Government does not oppose providing Defendants information on the number of files Christensen reviewed. (D.E. 110 at PageID 325.) As to "how and why" Christensen was provided certain patient files, the Government contends that this information is beyond the scope of discovery. (*Id.*) To require the prosecution to reveal its "internal decision-making process" in the selection of certain files for review, the Government maintains, has no bearing on Christensen's conclusions and constitutes privileged work product. (*Id.* at PageID 326–27.)

Defendants' unopposed motion for disclosure of the total number of patient files provided to Christensen for his review is GRANTED.

As to Defendants' request for disclosure of the Government's reasons why it selected the specific twenty files for the expert's review, the Court finds that this request falls outside Rule 16's scope of discovery.  Federal Rule of Criminal Procedure 16(a)(1) governs what information is subject to disclosure by the Government, and Rule 16(a)(2) governs what information is *not* subject to disclosure.  Pursuant to Rule 16(a)(2), the Government is not required to divulge "reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case."  In other words, Rule 16(a)(2) protects an attorney's work product.  *See Virgin Islands v. Fahie*, 419 F.3d 249, 257 (3d Cir. 2005) (citing *United States v. Armstrong*, 517 U.S. 456, 463 (1996)).  The purpose of the work product doctrine is to protect "the mental processes of the attorney" by "providing a privileged area within which he can analyze and prepare his client's case without the fear that his labor will be freely available to his adversary."  *United States v. Skeddle*, 989 F. Supp. 917, 921 (N.D. Ohio 1997) (quoting *United States v. Nobles*, 422 U.S. 225, 238 (1975)) (internal quotation marks omitted); *accord United States v. Carell*, No. 3:09-0445, 2011 WL 2078023, at *13 (M.D. Tenn. May 26, 2011).  "The work product privilege has been construed broadly to cover, among other things, 'the tangible and intangible material which reflects an attorney's efforts at investigating and preparing a case, including one's pattern of investigation, assembling of information, determination of the relevant facts, preparation of legal theories, planning of strategy, and recording of mental impressions."  *Skeddle*, 989 F. Supp. at 921 (quoting *In re Grand Jury Subpoena*, 622 F.2d 933, 935 (6th Cir. 1980)); *see also United States v. Blankenship*, No. 3:14-CR-124, 2015 WL 4561458, at *6 (E.D. Tenn. July 29, 2015) (quoting *In re Antitrust Grand Jury*, 805 F.2d 155, 163–64 (6th Cir. 1986)) ("Opinion work product is any material reflecting the attorney's mental impressions, opinions, conclusions, judgments or legal theories.").

The Court agrees with the prosecution that its internal decision-making process for selecting files for Christensen's review is protected by the work product doctrine. Defendants are not seeking material related to the contents of the patient files or to the expert's opinions and conclusions; rather, they request information pertaining to the Government's prosecution strategy. Such disclosure goes to the thought processes of the Government's attorney and reflects the Government's "efforts at investigating and preparing" its case. *See Carell*, 2011 WL 2078023, at *13 (citing *Nobles*, 422 U.S. at 238) (holding that "information that goes to the thought process of individual Assistant United States Attorneys" is protected by the work product doctrine). Accordingly, Defendants' motion is DENIED as it relates to the Government's reasons for selecting the twenty patient files that Christensen reviewed.

*Defendant's Motion to Exclude*

Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G), Defendants move to exclude the Government's experts, Dr. John R. Schneider and Dr. Carl Christensen, from testifying at trial for failing to comply with Rule 16's expert disclosure requirements. (D.E. 111 at PageID 329.) According to the Government's response, it is withdrawing its notice for Schneider. (D.E. 117 at PageID 361.) Thus, Defendants' motion as it concerns Schneider is moot.

Alston insists that the Government's other expert, Christensen, should be excluded because his written summary provides an insufficient basis for his opinions and because the Government did not disclose the witness's qualifications. (D.E. 111 at PageID 332–33, 335–36.) Defendant claims that Christensen's written summary consists of a "dictation report" on twenty patient files attached to a copy of a Tennessee Bureau of Investigation Investigative Report. (*Id.* at 332–33.) His report, Alston avers, amounts to no more than a "chart review" summarizing the files and fails

4

to disclose the reasons for his opinions or an explanation of his methodology.[2] (*Id.* at 333.) Defendant points to the Government's expert notice, which states, in pertinent part, "You have previously received in discovery Dr. Christensen's February 10, 2019, file review and related documentation.  The government anticipates that Dr. Christensen will testify regarding professional practice and the contents of his review." (D.E. 107.)  Relying on *United States v. White*, 492 F.3d 380, 407 (6th Cir. 2007),  Alston submits that an expert's written summary must provide "actual opinions," rather than list general subject matters on which the expert will testify. (D.E. 111 at PageID 331, 333.)  Although his summary appears to contain conclusions, Defendant asserts that Christensen "did not make any conclusive detailed opinions" but rather only "one-sentence generalized assertions with no support."  (*Id.* at 333 n.3.)

In response, the Government avers that Christensen's sixty-eight-page summary complies with Rule 16 because it "gives overall conclusions in the cover letter," lists Christensen's qualifications (MD, PhD, D-FASAM), and "goes through each patient file reviewed." (D.E. 117 at PageID 362.)  The prosecution asserts that Christensen's chart review provides sufficiently detailed opinions as evidenced by his remarks on the prescriptions Petway provided, the Defendants' "failure to recognize the CDC guidelines and FDA black box warning for multiple patients," and "specific urine drug screen issues for specific patients."  (*Id.*)  Pointing to Defendants' expert's report for support, the Government contends that Christensen's summary is compliant given that Defendants' expert "was able to opine on Dr. Christensen's review" and "provide an opinion on how Dr. Christensen's practice differed from Petway's practice." (*Id.*)

---

[2] The Court notes that Christensen's written summary is not before it as neither party filed a copy with the Court.

Alternatively, to the extent its expert notice is inadequate, the Government claims that excluding Christensen's testimony is not an appropriate remedy because Defendants fail to demonstrate any resulting prejudice.  (*Id.* at PageID 363.)  Moreover, the prosecution maintains that, at the time it filed its response, it provided Defendants with "supplemental background information" on Christensen's qualifications.  (*Id.*)

Upon request, Rule 16(a)(1)(G) requires the United States to provide the defendant "a written summary of any testimony that [it] intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial."  The summary "must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications."  Fed. R. Crim. P. 16(a)(1)(G).  In 1993, Rule 16 was amended to require expert disclosure "to minimize surprise that often results from unexpected expert testimony . . . and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination."  *United States v. White*, 492 F.3d 380, 406 (6th Cir. 2007) (quoting Fed. R. Crim. P. 16 advisory committee's notes (1993)).  "To that end, the summary contemplated under Rule 16(a) 'should inform the requesting party whether the expert will be providing only background information on a particular issue or whether the witness will actually offer an opinion.'"  *Id.* (quoting Fed. R. Crim. P. 16 advisory committee's notes (1993)).

If a party fails to comply with Rule 16's disclosure requirement, the court may:

(A) order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions;
(B) grant a continuance;
(C) prohibit that party from introducing the undisclosed evidence; or
(D) enter any other order that is just under the circumstances.

Fed. R. Crim. P. 16(d)(2); *United States v. Davis*, 514 F.3d 596, 612 (6th Cir. 2008).  "[S]uppression of evidence must be viewed as an undesirable remedy [for a discovery violation]

reserved for cases of incurable prejudice or bad faith conduct demanding punishment by the court." *Davis*, 514 F.3d at 611 (alterations in original) (quoting *United States v. Maples*, 60 F.3d 244, 247 (6th Cir. 1995)). "In deciding whether suppression of evidence is an appropriate remedy, a district court should consider:  (1) the reasons for the government's delay in producing the materials, including whether it acted intentionally or in bad faith; (2) the degree of prejudice, if any, to the defendant; and (3) whether the prejudice to the defendant can be cured with a less severe course of action, such as granting a continuance or a recess."  *United States v. Ganier*, 468 F.3d 920, 927 (6th Cir. 2006) (quoting *Maples*, 60 F.3d at 247).

The Court finds that the Government failed to comply with Rule 16's minimal notice requirements.  As for Christensen's qualifications, the Government revealed only the degrees held by him.  The disclosure does not include the expert's educational history, place of employment, work experience, or even a copy of his resume.  Thus, the United States' notice "[leaves] Defendants no better prepared to challenge [Christensen's] qualifications at trial."  *See White*, 492 F.3d at 406 (finding the government's disclosure of its experts' qualifications insufficient where the disclosure "included only a vague avowal of experience . . . along with the witnesses' titles, employers, and contact information").

Regarding the bases and reasons underlying Christensen's opinions, it appears that the Government's written summary is insufficient.  The United States argues that Christensen's summary of the prescriptions Defendants provided, Defendants' failure to acknowledge CDC guidelines and FDA warnings, and "specific urine drug screen issues for specific patients" provide a sufficient basis for his opinions. (D.E. 117 at PageID 362.)  Standing alone, a description of what drugs were prescribed does not constitute an opinion nor does it disclose Christensen's rationale for any opinion.  Similarly, the results of certain drug screens and the Defendants' failure

7

to follow particular guidelines do not by themselves offer a particular opinion or explain the foundations for Christensen's conclusions. The Government's statement that it anticipates the witness to "testify regarding professional practice and the contents of his review," (D.E. 107), also fails to identify the underpinnings and reasons for his opinion on these subjects. *See, e.g.*, *Davis*, 514 F.3d at 612–13 (holding that a letter indicating that the expert "would testify consistent with the laboratory report" did not adequately provide the bases for the expert's conclusions); *White*, 492 F.3d at 407 (finding the government's written summary deficient even though it "generally inform[ed] Defendants that the witnesses would give background testimony" relevant to certain Medicare rules, regulations, and procedures). In sum, Christensen's "chart review" and his "overall conclusions in the cover letter" do not satisfy Rule 16's disclosure requirement.

Notwithstanding the United States' deficient disclosure, suppression of Christensen's testimony is not warranted. There is no indication that the Government acted intentionally or in bad faith. The degree of prejudice to Defendants is not uncorrectable. Alston argues that he will be "unable to prepare to challenge [Christensen's] qualifications at trial." (D.E. 111 at PageID 336.) This issue can be cured with a less severe course of action, however, such as by an order directing the Government to supplement its expert disclosure. Indeed, the prosecution has apparently provided Defendants "supplemental background information" regarding the expert's qualifications. And despite the absence of his qualifications, Defendants have notice of, and access to, the patient files Christensen reviewed. Thus, it is not as though Defendants would be blindsided at trial regarding the content of Christensen's testimony. *See White*, 492 F.3d at 406–07 (holding that the defendants' substantial rights were unaffected by the government's inadequate disclosure where the defendants had notice, prior to trial, of the exhibits that the government's expert reviewed on the stand). Furthermore, trial is still two months away, which is enough time for the

Government to supplement its disclosure and for Defendants to prepare an effective cross-examination.  *Cf. United States v. Collins*, 799 F.3d 554, 573 (6th Cir. 2015) (holding that the district court did not abuse its discretion by seeking a remedy less severe than suppression where the government disclosed its expert five days before trial); *United States v. Harris*, 200 F. App'x 472, 504–05 (6th Cir. 2006) (holding that the district court did not abuse its discretion by admitting expert testimony where the government did not provide a written summary "until the eve of trial").  Accordingly, Defendants' motion to exclude Christensen's testimony at trial is DENIED.

To ensure compliance with Rule 16, the Government is hereby ORDERED to supplement its expert disclosure to include Christensen's educational and employment history, as well as his training and experience related to professional medical practice.  The Government is also ORDERED to supplement its written summary by providing Christensen's specific opinions concerning Alston and Petway's medical practice and his bases and reasons for such opinions, including a reference to specific patient files relied upon.

Consistent with the findings and conclusions above, Defendants' motion to disclose which patient files were provided to the Government's expert witnesses, (D.E. 100), is GRANTED in part and DENIED in part.  Defendants' motion to exclude Christensen's testimony at trial, (D.E. 111), is DENIED; however, the Government is ORDERED to supplement its expert disclosure as directed herein within fifteen days of the entry of this order.

IT IS SO ORDERED this 5th day of November 2019.

s/ J. DANIEL BREEN  
UNITED STATES DISTRICT JUDGE