IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CR. NO. <u>1:19-cr-10041-JDB</u> |
| ) | |
| vs. ) | |
| ) | |
| BRITNEY PETWAY and ) | |
| CHARLES ALSTON, ) | |
| ) | |
| Defendants. ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE SURPLUS LANGUAGE FROM THE SUPERSEDING INDICTMENT**
_____

The United States hereby opposes Defendant Charles Alston's and Defendant Britney Petway's (the "Defendants'") Motion to Strike Surplus Language from the Superseding Indictment. The Defendants complain about language previously included in the first indictment in this matter; yet once again, in their third motion to strike surplus language, defendants do not provide a sufficient legal basis to support their requested relief. Accordingly, their motion should be denied.

### BACKGROUND

On April 15, 2019, Britney Petway and her co-Defendant Charles Alston were charged by indictment with one count of Conspiracy to Distribute and Dispense Controlled Substances, in violation of 21 U.S.C. § 846 (Dkt. 3).[1] On May 9, 2018, Defendant Alston moved to dismiss or strike certain language from the indictment (See Dkt. 58). The Court

---

[1] The Government incorporates by reference the arguments and background discussed in its Oppositions to Defendants' previous motions to strike language from the indictment (Dkt. 64, 78, 106).

1

denied Defendant Alston's motion on June 18, 2019 (Dkt. 70). Defendant Petway also moved to dismiss or strike certain language from the indictment (Dkt. 63). The Court denied Defendant Petway's motion on June 28, 2019 (Dkt. 79). On August 30, 2019, Defendant Alston filed Motions to Exclude the Term "Pain Management Clinic" in the Indictment or at Trial (Dkt. 92) and to Strike Surplusage (Dkt. 93).[2] After Defendant Petway moved to join these motions on, the Court granted her request on September 11, 2019 (Dkt. 104). The Court denied these motions on October 3, 2019 (Dkt. 115).

On November 18, 2019, Defendants Petway and Alston were charged by superseding indictment with five substantive counts of unlawful distribution of a controlled substance, in Counts Two through Six (Dkt. 120). Count One of the Superseding Indictment charged the same Conspiracy as the first indictment. On November 25, 2019, Defendant Alston filed the Instant Motion to Strike Surplus Language from the Superseding Indictment, complaining of Paragraphs 6, 11 and 12 of the Superseding Indictment (Dkt. 125). Notably, with the exception of Paragraph 6, the disputed paragraphs in the superseding indictment largely contain the same language as the first indictment in this matter.[3] On December 2, 2019, Defendant Petway moved to join the instant motion (Dkt. 127), and the Court granted Petway's motion to join on December 4, 2019 (Dkt. 129).

## LEGAL STANDARD

Under Federal Rule of Criminal Procedure 7(c), an indictment "must be a plain,

---

[2] Defendant Alston also filed a Motion for a Bill of Particulars on this date, which Defendant Petway later joined.
[3] Defendants cite Paragraph 6(c) for certain language now contained in Paragraph 6(d) of the Superseding Indictment.

2

concise, and definite written statement of the essential facts constituting the offense charged . . . ." The purpose of this Rule is to provide the defendant with notice of the charges against him, so that he can properly prepare to defend himself. *See United States v. Hudson*, 491 F.3d 590, 592-3 (6th Cir. 2007). Rule 7(d) provides that, "[u]pon the defendant's motion, the court may strike surplusage from the indictment or information." Fed.R.Crim.P. 7(d).

Rule 7(d) "is properly invoked when an indictment contains nonessential allegations that could prejudicially impress the jurors." *United States v. Kemper*, 503 F.2d 327, 329 (6th Cir. 1974). "[A] motion to strike surplusage should be granted only if it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial." *United States v. Montgomery*, 10 F. Supp. 3d 801, 816 (W.D. Tenn. 2014) (quoting 1 Charles Alan Wright & Andrew D. Leipold, Federal Practice and Procedure § 128, at 643 (4th ed.2008)). The standard under Rule 7(d) has been "strictly construed against striking surplusage." *Kemper*, 503 F.2d at 329. Moreover, the Sixth Circuit instructs, "[I]f the language in the indictment is information which the government hopes to properly prove at trial, it cannot be considered surplusage no matter how prejudicial it may be (provided, of course, it is legally relevant)." *United States v. Moss*, 9 F.3d 543, 550 (6th Cir. 1993) (quoting *United States v. Thomas*, 875 F.2d 559, 562 n. 2 (6th Cir .), cert. denied, 493 U.S. 867 (1989)).

### ARGUMENT

Defendants, in their third attempt to strike certain language in this case, once again fail to meet the exacting standard set forth in Rule 7(d). The complained of language is neither irrelevant nor prejudicial. And Defendants continue to ignore the Sixth Circuit

3

instruction that "if the language in the indictment is information which the government hopes to properly prove at trial, it cannot be considered surplusage no matter how prejudicial it may be (provided, of course, it is legally relevant)." *United States v. Moss*, 9 F.3d 543, 550 (6th Cir. 1993).

Defendants cannot meet their burden under Rule 7(d) with a blanket assertion that the statements in paragraphs 6, 11, and 12 "are totally irrelevant to the Government's proof" (Dkt. 125 at 4). To the contrary, paragraph 6 discusses the DEA classification of drugs the Defendants are charged with unlawfully distributing, and the risk of addiction associated with these drugs. Paragraph 11 discusses the well-known risk of prescribing combinations of opioids and benzodiazepines, which the Defendants are charged with unlawfully distributing in this case. Paragraph 12 further discusses background related to prescribing both benzodiazepines and opioids. These paragraphs are directly relevant to the charges in the indictment – that Petway and Alston distributed opioids (along with benzodiazepines) outside the scope of professional practice and not for a legitimate medical purpose.

Defendants' claims that patients were not harmed, that the government could have included additional charges, or that these paragraphs are not elements of the offense miss the mark. If Petway and Alston disregarded well-known and serious risks associated with distributing opioids and benzodiazepines, this bears directly on whether these medical professionals prescribed these controlled substances outside the scope of professional practice and not for a legitimate medical purpose. Moreover, the government plans to prove the facts set forth in these disputed paragraphs, and as such, even if prejudicial, they cannot be considered surplusage. Because this information will be

proven at trial and is legally relevant, it should not be stricken. *See Moss*, 9 F.3d at 550.

## CONCLUSION

Defendants have not met their burden to show that any language from the superseding indictment should be stricken

WHEREFORE their Motion Should be DENIED.

Respectfully submitted,

D. MICHAEL DUNAVANT
United States Attorney

By:       */s/ Jillian Willis*         
JILLIAN D. WILLIS
Trial Attorneys
United States Department of Justice
Criminal Division, Fraud Section

## **CERTIFICATE OF SERVICE**

I, Jillian Willis, Trial Attorney in the United States Department of Justice, Criminal Division, hereby certify that a copy of the foregoing pleading was forwarded by electronic means via the court's electronic filing system to counsel for the defendant.

THIS the 9th day of December, 2019.

        */s/ Jillian Willis*
        JILLIAN D. WILLIS
        Trial Attorney
        United States Department of Justice
        Criminal Division, Fraud Section