# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | )   CR. NO. **1:19-cr-10041-JDB** |
| | ) |
| vs. | ) |
| | ) |
| BRITNEY PETWAY and | ) |
| CHARLES ALSTON, | ) |
| | ) |
| Defendants. | ) |

**GOVERNMENT'S OPPOSITION TO DEFENDANT PETWAY'S MOTION IN LIMINE**

The United States hereby opposes Defendant Britney Petway's (the "Defendant's") Motion in Limine, seeking to exclude "materials provided to the defense after the discovery deadline" from evidence (Dkt. 136). The government received documents from two pharmacies after the Court's discovery deadline; these documents were requested prior to the deadline, but did not arrive before November 30. As such, the government could not produce by November 30, 2019, what was not in its "possession, custody or control." Notably, the defense cites no legal basis for its request, because Rule 16 only requires the government to produce what is has. *See*, *e.g.*, *United States v. Dillow*, 980 F. Supp. 2d 879, 881 (N.D. Ohio 2013), ("[t]o be discoverable under Rule 16 . . . [the defendant] must make two showings with respect to each type of information he seeks. First, [defendant] must show the information is "within the government's possession, custody, or control"); *United States v. Robinson*, 272 F. App'x 421, 434 (6th Cir. 2007) (where there was no evidence that the results of fingerprint analysis were in the

1

possession, custody or control of the government prior to trial, "the failure to provide the report of the analysis to defendant prior to trial did not violate Rule 16"). Because there has been no Rule 16 violation, there is no basis to exclude evidence, and the Defendant's motion should be denied.

## BACKGROUND

On April 15, 2019, Britney Petway and her co-Defendant Charles Alston were charged by indictment with one count of Conspiracy to Distribute and Dispense Controlled Substances, in violation of 21 U.S.C. § 846 (Dkt. 3). In addition to conspiracy, on November 18, 2019, Petway and Alston were charged by superseding indictment with five substantive counts of unlawful distribution of a controlled substance (Dkt. 119).

During the course of discovery, Defendants received, inter alia, copies of data detailing prescriptions written by Petway that were filled in Tennessee. They also received copies of medical files obtained from Petway's practice, which also included prescriptions. At the November 21, 2019 Report Date, the government indicated that, among other things, it would be providing copies of some of the actual prescriptions filled in the pharmacies that were reflected in the prescription data. For example, where the data indicates that Petway wrote a prescription for X drug on X date to X patient, the government would be providing copies of some of those actual prescriptions to the defense. The Court ordered the government to turn over all documents by November 30, 2019.

The government endeavored to obtain all the data from pharmacies in advance of November 30, 2019. On November 29, 2019, the government provided the pharmacy documents it had received up until that date to the defense. After November 29, 2019,

production, the government received documents from two pharmacies. On December 5, 2019, the government provided a 19-page printout to the defense from one of the pharmacies. This document reflected certain prescriptions filled in that pharmacy. On December 13, 2019, the government provided printouts from another pharmacy, totaling 43 pages (some of which were Custodian affidavits). Some of the prescriptions reflected in the pharmacy responses were already in the medical files provided; these were not all new documents. The government, however, provided all documents received from the pharmacy. On December 19, 2019, Defendant Petway moved to exclude these documents from evidence.

## LEGAL STANDARD

Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure provides that, at the defense's request, "the government must permit the defendant to inspect and to copy or photograph . . . documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, **if the item is within the government's possession, custody, or control**" and the documents meet certain other criteria (emphasis added). Rule 16(c) imposes a continuing duty to disclose "additional evidence or material before or during trial."

The Sixth Circuit instructs, "[t]he goal of discovery in criminal trials is to insure a fair and thorough determination of defendant's guilt or innocence. In order to reach this goal, suppression of evidence must be viewed as an undesirable remedy reserved for cases of incurable prejudice or bad faith conduct demanding punishment by the court." *United States v. Maples*, 60 F.3d 244, 247 (6th Cir. 1995) (holding that "it was an abuse of discretion to impose the most severe sanction, suppression, instead of granting a

continuance, if necessary, or ordering less stringent sanctions under Federal Rule of Criminal Procedure 16(d)(2)"); *see also United States v. Ganier*, 468 F.3d 920 (6th Cir. 2006) (finding that excluding testimony was not warranted and noting "'District courts should embrace the 'least severe sanction necessary' doctrine, and hold that suppression of relevant evidence as a remedial device should be limited to circumstances in which it is necessary to serve remedial objectives'").

## ARGUMENT

As an initial matter, in criminal prosecutions, both parties have access to trial subpoenas. Both parties can investigate up until the time of trial and even through trial. To decide otherwise, would be to render trial subpoenas irrelevant. While the government has a continuing obligation to turn over additional evidence, the government cannot deliberately ignore or refuse to receive additional relevant documents or information.

There has been no Rule 16 violation here – the government could not produce the pharmacy documents that it did not have in its possession, custody, and control. Moreover, Rule 16(c) requires the government to continue to provide discovery to the defense up to, and during trial. The government did not violate Rule 16 here, and as such, there is no basis to exclude the pharmacy documents as requested.

In *United States v. Robinson*, fingerprint analysis occurred one day prior to trial, and the results came back the day of trial. 272 F. App'x at 434. The Sixth Circuit determined that the government did not commit a Rule 16 discovery violation by providing the results the morning of trial, because the results were not in the government's custody, possession or control. Here, though the government endeavored to obtain the pharmacy documents by the Court's deadline, the government did not receive them until after it

4

produced the other documents. In this circumstance, because the government did not have the documents to produce before November 30, there has been no Rule 16 violation.

Even if there were a Rule 16 violation, Defendant Petway is asking for the most extreme sanction possible. "'District courts should embrace the 'least severe sanction necessary' doctrine, and hold that suppression of relevant evidence as a remedial device should be limited to circumstances in which it is necessary to serve remedial objectives'"). *United States v. Ganier*, 468 F.3d 920 (6th Cir. 2006). Where the government made efforts to comply with the Court's November 30 Deadline, but had not received certain documents in time for the last production, and where Defendant Petway has pointed to no prejudice in receiving these documents before trial, this extreme sanction is not appropriate.

WHEREFORE the Defendant's Motion Should be DENIED.

    Respectfully submitted,

    D. MICHAEL DUNAVANT
    United States Attorney

By:    */s/ Jillian Willis*
    JILLIAN D. WILLIS
    Trial Attorney
    United States Department of Justice
    Criminal Division, Fraud Section

## **CERTIFICATE OF SERVICE**

    I, Jillian Willis, Trial Attorney in the United States Department of Justice, Criminal Division, hereby certify that a copy of the foregoing pleading was forwarded by electronic means via the court's electronic filing system to counsel for the defendant.

    THIS the 20th day of December, 2019.

                                                                                 */s/ Jillian Willis*
                                                                    JILLIAN D. WILLIS
                                                                    Trial Attorney
                                                                    United States Department of Justice
                                                                    Criminal Division, Fraud Section