WESTERN DISTRICT OF TN
FILED IN OPEN COURT:
DATE: 1-3-2020
TIME: 11:14 a.m.
INITIALS: a

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
~~WESTERN~~ DIVISION
EASTERN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| v. | * | Cr. No. 1:19-cr-10041-1-JDB |
| BRITNEY PETWAY, | * | |
| Defendant. | * | |

## PLEA AGREEMENT

The Defendant, BRITNEY PETWAY, by and through her counsel, Leslie Ballin, knowingly and voluntarily agrees with the United States, through D. Michael Dunavant, United States Attorney for the Western District of Tennessee, Allan Medina, Chief, Health Care Fraud Unit, Fraud Section, Criminal Divison, U.S. Department of Justice, and through Jillian Willis and Ann Langley, the undersigned Trial Attorneys, to enter into the following plea agreement pursuant to Fed. R. Crim. P. 11.

1. The Defendant agrees to enter a plea of guilty to the Superseding Indictment in this matter. In Count One of the Superseding Indictment, the Defendant is charged with Conspiring to Unlawfully Distribute and Dispense Controlled Substances, in violation of 21 U.S.C. § 846. In Counts Two through Six of the Superseding Indictment, the Defendant is charged with Unlawful Distribution of a Controlled Substance, in violation of 21 U.S.C. § 841. The maximum penalty for Unlawful Distribution of a Schedule II Controlled Substance is 20 years imprisonment, a fine of not more than $1,000,000, or both, to be followed by three years supervised release. The statutory maximum penalty for Conspiracy to Distribute a Schedule II Controlled Substances is the same. The statutory maximum penalty for Unlawful Distribution of a Schedule IV Controlled Substance is 5 years imprisonment, a fine of $250,000, or both, and at least one year of supervised release.

1

2. The Defendant further agrees that:

a. She is pleading guilty to the Superseding Indictment because she is guilty of the charges contained within;

b. The agreed upon value of the property subject to forfeiture for Defendant's commission of the offenses to which she has agreed to plead guilty is $9,000. Defendant will not contest, challenge, or appeal in any way the administrative or judicial (civil or criminal) forfeiture to the United States of the agreed upon value of property subject to forfeiture. The Defendant consents to entry of any orders or declarations of forfeiture regarding such property and agrees to waive the time limitation for the administrative forfeiture of the agreed upon funds. The Defendant further agrees to hold the government, its officers, agents, and employees harmless from any claim whatsoever in connection with the seizure, forfeiture, storage, or disposal of such property;

c. If she had proceeded to trial and had been convicted, she would have had the right to appeal the conviction. She understands that by pleading guilty, she gives up the right to appeal the conviction. Based on concessions made in this plea agreement by the United States, she also hereby waives her rights to appeal her sentence, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure from the guideline range that the Court establishes at sentencing;

d. Except with respect to claims of ineffective assistance of counsel or prosecutorial misconduct, she waives her right to challenge the sufficiency or the voluntariness of her guilty plea on direct appeal or in any collateral attack;

e. The special assessment of $600 is due and payable to the U.S. District Court Clerk's Office, and the Defendant agrees to provide the United States with evidence of payment immediately after sentencing; and

f. This writing constitutes the entire Plea Agreement between the Defendant and the United States with respect to the plea of guilty. No additional promises, representations or inducements, other than those referenced in this Plea Agreement, have been made to the Defendant or to the Defendant's attorney with regard to this plea, and none will be made or entered into unless in writing and signed by all parties.

3. Defendant admits that if put to its burden at trial, the government would be able to prove the following beyond a reasonable doubt:

*From in and around June 2016 to in and around April 2019, Defendant Petway owned and operated Superior Health and Wellness, located in the Eastern Division of the Western District of Tennessee. While practicing at Superior Health, Ms. Petway, a nurse practioner, distributed Hydrocodone, Oxycodone, Morphine and Alprazolam outside the scope of professional practice and not for a legitimate medical purpose. Specifically, Ms. Petway unlawfully distributed Morphine Sulfate to KB from April 2018 until August 2018; Hydrocodone and Oxycodone to JC from July 2016 until April 2018; Oxycodone to BD from July 2016 to November 2016; and Hydrocodone and/or Alprazolam to CD from July 2017 to June 2018. These prescriptions were provided to these four patients over the course of approximately 50 patient visits during the relevant conduct period, and Ms. Petway, through Superior Health, received approximately $9,000 for these crimes, which she has agreed to forfeit above.*

*During the relevant conduct period, Dr. Charles Alston was Ms. Petway's preceptor, or supervising physician. He had access to her controlled substance charts and reviewed patient charts monthly at her practice. Ms. Petway, through Superior Health, paid Dr. Alston approximately $750 per month to be her preceptor. Without Dr. Alston, Ms. Petway could not write the prescriptions detailed above. Ms. Petway conspired with Dr. Alston, and Dr. Alston aided and abetted, in distributing controlled substances outside the scope of professional practice and not for a legitimate medical purpose.*

4. The Defendant understands that:

a. If the United States receives information between the signing of this agreement and the time of the sentencing that the Defendant has previously engaged in, or if she engages in the future, conduct inconsistent with the acceptance of responsibility, including, but not limited to, participation in any additional criminal activities between now and the time of sentencing, this position could change;

b. Should it be judged by the United States that the Defendant has committed or attempted to commit any additional crimes or has engaged in any conduct constituting obstruction or impeding justice within meaning of U.S.S.G. § 3C1.1 from the date of the Defendant's signing of this plea agreement to the date of the Defendant's sentencing, or if the Defendant attempts to withdraw the plea, the government will be released from its obligations and would become free to argue for any sentence within the statutory limits. Such a breach by the Defendant would not release the Defendant from the plea of guilty; and

c. The Defendant further expressly waives her rights pursuant to Rule 410(a) of the Federal Rules of Evidence upon affixing her signature to this plea agreement. The Defendant understands and agrees that in the event the Defendant violates the plea agreement, the Defendant does not enter her

3

plea of guilty, or her guilty plea is for any reason withdrawn, any statements made by the Defendant to law enforcement agents or an attorney for the prosecuting authority during plea discussions, any statements made by the Defendant during any court proceeding involving the Defendant's plea of guilty, including the "agreed facts" set forth herein, any other factual bases or summaries signed by the Defendant, and any leads from such statements, factual bases or summaries, shall be admissible for all purposes against the efendant in any and all criminal proceedings.

5. The parties agree that Defendant's base offense level, including relevant conduct under U.S.S.G § 2D1.1(c)(8), is 24. Specifically, Defendant admits that during the relevant time period, the Defendant conspired to distribute and did distribute oxycodone, hydrocodone, morphine, and alprazolam, and this was knowingly and intentionally done with no legitimate medical purpose and outside the scope of professional practice. The converted drug weight of these prescriptions is at least 100KG but less than 400 KG ("the Agreed Weight under U.S.S.G § 2D1.1(c)(8)"). The parties do not agree on whether or not the special skill enhancement applies, only that the base offense level is 24.

6. Pursuant to Section U.S.S.G § 3E1.1(a) and (b), the Government agrees to a three (3) level decrease in the offense level for the Defendant's timely acceptance of responsibility, provided that the Defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing. If the United States receives information between the signing of this agreement and the time of the sentencing that the Defendant has previously engaged in, or if she engages in the future, conduct inconsistent with the acceptance of responsibility, including, but not limited to, participation in any additional criminal activities between now and the time of sentencing, this position could change.

7. If the Defendant satisfies the requirements § 5C1.2, the government agrees not to oppose the application of the safety valve provisions at sentencing.

8. The United States agrees not to allocute for a fine greater than $10,000. This fine amount is separate from, and does not include, the agreed upon forfeiture amount.

9. Neither the United States, nor any law enforcement officer, can or has made any promises or representations as to what the sentence imposed by the Court will be.

10. By signing this agreement, Defendant affirms that she is satisfied with her lawyers' counsel and representation, and hereby freely and voluntarily

4

enters into this plea agreement. The Defendant understands that this writing constitutes the entire Plea Agreement between the Parties with respect to the plea of guilty. No additional promises, representations or inducements, other than those referenced in this Plea Agreement, have been made to the Defendant or to the Defendant's attorneys with regard to this plea, and none will be made or entered into unless in writing and signed by all parties.

_____   1·3·20
BRITNEY PETWAY                    Date
Defendant

_____   1·3·20
LESLIE BALLIN                     Date
Defendant's Counsel

ALLAN MEDINA
Chief, Health Care Fraud Unit
Fraud Section, Criminal Divison
U.S. Department of Justice

By:

_____   1/3/2020
JILLIAN WILLIS                    Date
ANN LANGLEY
Trial Attorneys, Health Care Fraud Unit
Fraud Section, Criminal Divison
U.S. Department of Justice

5