UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:19-cr-10041-JDB |
| | ) | |
| BRITNEY PETWAY and | ) | |
| CHARLES ALSTON, | ) | |
| | ) | |
| Defendants. | ) | |

**GOVERNMENT'S OMNIBUS RESPONSE TO DEFENDANT'S PRETRIAL MOTIONS**

The United States, by and through its undersigned counsel, hereby responds as follows to the defendant's pending pretrial motions.

1. The United States does not oppose the Motion for Defense Expert Dr. Richard Martin to be Exempt from Sequestration. (D.E. No. 141).

2. Regarding the Motion for Brady/Giglio Material (D.E. No. 152), in the event that the United States plans to call any witnesses to which this request applies, the United States will provide the defense with any relevant plea agreements, interview reports an any other Jencks material.

3. The United States does not oppose the Motion to Introduce Summary Exhibits. (D.E. No. 153).

4. On June 11, 2021, the defendant filed a Motion for Continuance, requesting that the Court continue the trial set for July 12, 2021 by at least 60 days (D.E. No. 188). As a basis for this request, the defendant has cited the United States' disclosure of information related to 13 additional nurse practitioners that the defendant appears to have been supervising during the time

period charged in the indictment. On June 15, 2021, the defendant filed a Motion to Exclude Additional Witnesses (D.E. No. 190), requesting that the above-referenced 13 additional nurse practitioners identified by the Government on May 18, 2021 be precluded from testifying.[1]

As the United States argued at the pretrial hearing held on June 10, the government intends to introduce only the fact that the defendant was simultaneously supervising multiple nurse practitioners. This evidence is relevant to the defendant's financial motive in supervising the nurse practitioner at issue in this case. The United States has informed the defendant that a witness will testify at trial that the defendant told the witness that supervising nurse practitioners was "easy money." The fact that the defendant was supervising multiple nurse practitioners at the same time corroborates that statement.

In addition, that the defendant supervised multiple nurse practitioners (such that a colleague sought his counsel on supervising nurse practitioners), provides evidence of the defendant's knowledge. Here, the defendant is charged with conspiracy and aiding and abetting unlawful distribution of controlled substances related to his supervision of nurse practitioner Britney Petway. Evidence that he supervised other nurse practitioners is relevant to show that he knew, or should have known, what being a supervising physician entailed.

The United States does not intend to introduce evidence at trial in this case showing that the defendant's supervision of additional nurse practitioners was illegal or was otherwise a bad act. Nor does the government, at this juncture, intend to present the CSMD data of any nurse practitioners other than Britney Petway. As the parties have been aware throughout the pendency

---

[1] To the extent the defendant complains that there was no 404(b) notice filed, the government contends that evidence related to the Defendant's practice during the time of the indictment is not "[e]vidence of any other crime, wrong, or act." In any event, as evidenced by defendant's instant motion, the defense has received notice of the government's intent to use such evidence.

of this case, the defendant has supervised at least one other nurse practitioner who was indicted – the government does not intend to introduce evidence of that indictment, but raises this only to contrast the type of evidence at issue in the instant motion. Here, the government is not seeking to argue that one or more of the nurse practitioners whom Alston was supervising was allegedly engaging in criminal conduct, simply that the defendant supervised other nurse practitioners during the indictment period. That Alston was a hospitalist who supervised nurse practitioners as a side job does not in itself impugn his character; indeed, the defense conveyed to the government in discussions regarding the list of names that some of the individuals included were individuals who worked with him in the hospital. Because the evidence at hand is relevant, contains no allegation of criminal conduct and, is not unfairly prejudicial, the Court should deny defendant's motion to exclude such evidence.

The United States is prepared to proceed to trial on July 12, 2021.  To the extent that the Court is inclined to grant the defendant's motion to continue, the United States wishes to make the Court aware that, due to other trial conflicts, the government attorneys are unavailable from late August through October of 2021.

                                                Respectfully submitted,

                                                DANIEL KAHN
                                                Acting Chief, Fraud Section
                                                Criminal Division
                                                United States Department of Justice

By:

                                                *s/ Leslie Williams Fisher*
                                                LESLIE WILLIAMS FISHER
                                                United States Department of Justice
                                                Criminal Division, Fraud Section

Trial Attorney
United States Attorney's Office
110 9th Avenue South, Suite A-961
Nashville, TN 37203
T: (615) 736-5151 / F: (615) 401-6626
E: Leslie.Fisher2@usdoj.gov

JILLIAN WILLIS
United States Department of Justice
Criminal Division, Fraud Section
Trial Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of June 2021, the foregoing motion was filed with the Clerk of the Court using the CM/ECF System, which will send notice and constitute service of such filing, to counsel of record for the defendants.

*s/ Leslie Williams Fisher*
LESLIE WILLIAMS FISHER
U.S. Department of Justice
Trial Attorney