IN THE UNITED STATED DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CRIMINAL CASE NO. 1:19-CR-10041-JBD |
| BRITNEY PETWAY, N.P., and CARLES ALSTON, M.D., | |
| Defendants. | |

### DEFENDANT'S RESPONSE TO THE GOVERNMENT'S OMNIBUS MOTION IN LIMINE

COMES NOW, Defendant Charles Alston ("Defendant"), by and through undersigned counsel, and respectfully submits this response to the Government's Omnibus Motion in Limine (D.E. 146). On December 27, 2019, the Government filed the aforementioned motion, requesting that Defendant, Co-Defendant Britney Petway, and their counsel (collectively, "the Defense") be precluded from mentioning or eliciting, or attempting to elicit, from any witness certain information in the presence of the jury without first obtaining permission from the Court. D.E. 146, 1. Defendant responds to the Government's boilerplate[1] requests as follows:

**1.     Any suggestion or accusation that a prosecutor or agent engaged in misconduct.**

Defendant objects to Request No. 1 on the ground that the Defense may comment on any misconduct by the Government if relevant.

---

[1] Because the motion is not tailored to any facts in this case, Defendant and his counsel will try their best to respond to each request.

2. **The presence or absence of any particular person on the Government's witness list, or the Government's choice to call or not call a particular witness.**

Defendant objects to Request No. 2 on the ground that the Defense may ask putative jurors during jury selection if they know, or have any connection with, any witnesses who may be called by either party.

3. **Any out-of-court statements made by Defendant or any other person if offered to prove the truth of the matter asserted.**

In response to Request No. 3, the Defense understands the definition and rules of hearsay. *See* Fed. R. Evid. 801–807.

4. **Disputes over discovery, including the timing of the production of records to the Government by witnesses.**

In response to Request No. 4, Defendant states that any discovery disputes will be raised before the Court and not the jury.

5. **Which other persons have, or have not, been charged in this or other cases.**

In response to Request No. 5, Defendant states that he is not raising a selective prosecution defense.

6. **Any argument that encourages jurors to ignore the law, not follow this Court's instructions, or otherwise violate their oaths as jurors.**

In response to Request No. 6, the Defense understands that jury nullification is improper.

7. **Plea negotiations, plea offers, or the rejection of a plea offer.**

In response to Request No. 7, the Defense understands Federal Rule of Evidence 410.

8. **Potential punishment or any other consequences that might result from a conviction.**

Defendant objects to Request No. 8 on the ground that such information is admissible for the purposes of cross-examination of witnesses cooperating with the Government. Further, the Defense understands that any punishment Defendant is facing is not admissible.

9. **Defense counsel's personal opinions of, or relationship with, the Defendants.**

Defendant objects to Request No. 9 on the ground that his counsel can comment on Defendant's character if the Defense chooses to raise the issue. *See* Fed. R. Evid. 404(a)(2)(A).

10. **The use of interview reports prepared by law enforcement to impeach the Government's witnesses.**

In response to Request No. 10, the Defense understands the evidentiary rules regarding impeachment and a witness's prior inconsistent statement as it pertains to cross-examination. *See* Fed. R. Evid. 608, 613, 801(d)(1)(A), 803–806. Further, if a law enforcement agent's interview summary is incorrect, then the Government should correct any and all falsehoods and provide Defendant with accurate statements as part of Rule 16 discovery. *See* Fed. R. Crim. P. 16.

11. **Specific instances of prior good acts or lack of prior bad acts.**

Defendant objects to Request No. 11 on the ground that evidence of Defendant's good character is admissible and that evidence of specific instances of conduct are admissible (1) when they are the subject of a criminal conviction or (2) for the purposes of cross-examining the Government's character witnesses. *See* Fed. R. Evid. 404(a)(2)(A), 405, 607–609.

12. **Improper character testimony.**

In response to Request No. 12, the Defense understands how to admit character evidence properly. *See* Fed. R. Evid. 404–405, 607–609.

13. **Evidence that the Defendants acted with good intentions with respect to Counts 2 through 6.**

Defendant objects to Request No. 13 on the following grounds: First, the Government is incorrect in its statement that "Rule 404 prohibits the admission of evidence of the Defendants' good character." D.E. 146, 10, ¶ 13. The very text of the Rule states that a "in a criminal case, a defendant may offer evidence of the defendant's pertinent trait." Fed. R. Evid. 404(a)(2)(A). Second, Defendant denies that his actions were unprofessional and illegitimate. Thus, he is not asserting a defense that he "'personally believes that such unprofessional and illegitimate actions were nonetheless beneficial' to patients." D.E. 146, 11, ¶ 13 (quoting *United States v. Godofsky*, 943 F.3d 1011, 1026 (6th Cir. 2019)).

Third, the Defense may always challenge mens rea. Defendant states that the Government is correct in that a violation of 21 U.S.C. § 841(a)(1) does not require proof of malicious intent for mens rea. Rather, the mens rea that the Government is required to prove beyond a reasonable doubt is that Defendant ***knowingly or intentionally*** prescribed controlled substances outside the scope of professional medical practice and not for a legitimate medical purpose. The Defense understands that whether Defendant acted outside the scope of professional medical practice and not for a legitimate medical purpose is an objective standard "as measured against the actions of a ***reasonable*** doctor under the circumstances." *Godofsky*, 943 F.3d at 1026 (emphasis added) (citing *United States v. Volkman*, 797 F.3d 377 (6th Cir. 2015)).

Indeed—unlike the defendant in *Godofsky*, 943 F.3d 1011—Defendant has submitted to this Court a request for a "good faith" jury instruction that complies with the objective standard used in *Volkman*, 797 F.3d 377. *See* D.E. 142; 149. The proposed instruction does not ask a jury who found that the Government proved the actus reus and mens rea to acquit Defendant merely because "he subjectively *knows better*" than the professional medical practice standard. *Godofsky*, 943 F.3d at 1026 (emphasis in original). Rather, the proposed instruction asks the jury to consider the objective "good faith" standard **both** in determining whether the Government has proved mens rea as well as the actus reus. In other words, Defendant's requested jury instruction instructs the jury to find that the Government has failed to prove mens rea—i.e., that Defendant did not **knowingly or intentionally** act outside the professional medical standard—if the jury finds that Defendant *reasonably* believed that he was acting within the scope.

14. **The existence or content of the United States' motions and any order of this Court in response to those motions.**

In response to Request No. 14, Defendant states that any motions by either Party and any orders of this Court will be addressed with the Court and not the jury.

15. **Certain expert testimony.**

Defendant objects to Request No. 15 on the ground that the Defense has provided its expert witness summary and that Defendant's expert witness will testify as appropriate within the rules for expert witnesses. *See* Fed. R. Evid. 702–705.

Respectfully submitted, this 19th day of July, 2021.

/s/ *Manubir S. Arora*
Manubir S. Arora
GA Bar No. 061641
75 W. Wieuca Road, N.E.
Atlanta, GA 30342
Office (404) 609-4664
Facsimile (404) 865-3525
manny@arora-law.com

/s/  *Worrick Robinson*
Worrick Robinson
TN Bar No. 015009
446 James Robertson Pkwy
Suite 200
Nashville, TN 37219
Office (615) 726-0900
Facsimile (615) 256-3634
wrobinson@rrylaw.com

IN THE UNITED STATED DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CRIMINAL CASE NO. 1:19-CR-10041-JDB |
| BRITNEY PETWAY, N.P., and CHARLES ALSTON, M.D., | |
| Defendants. | |

### CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing *Defendant's Response to the Government's Omnibus Motion in Limine* upon all parties involved via the federal e-filing system.

This 16th day of July, 2021.

/s/ *Manubir S. Arora*
Manubir S. Arora
GA Bar No. 061641
75 W. Wieuca Road, N.E.
Atlanta, GA 30342
Office (404) 609-4664
Facsimile (404) 865-3525
manny@arora-law.com

/s/ *Worrick Robinson*
Worrick Robinson
TN Bar No. 015009
446 James Robertson Pkwy
Suite 200
Nashville, TN 37219
Office (615) 726-0900
Facsimile (615) 256-3634
wrobinson@rrylaw.com